UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KARATE INSTITUTE, INC.,

          Plaintiff,

v.

JACK B. WOLFE, ROBERT S. SILVERSTEIN,
and HOWARD M. BABCOCK,

          Defendants.
_____/

Case Number 06-14783
Honorable David M. Lawson
Magistrate Judge Paul J. Komives

## ORDER DENYING MOTION BY JACK WOLFE
## TO VACATE ORDER REQUIRING HIM TO PAY ATTORNEY'S FEES

On May 18, 2007, the plaintiff filed a motion for summary judgment seeking to enforce personal guarantees allegedly made by the defendants on a certain loan. Although the local rules require a response to such a motion to be filed within twenty-one days, the defendants did not file their submissions until August 8, 2007. Defendant Wolfe's submission was defective because it combined an answer to the motion with another motion for affirmative relief, so the document was struck from the record. ECF Pol. & Pro. R5(d). Thereafter, defendant Wolfe filed that same document twice under different headings. In one of the filings, defendant Wolfe asserts that he had filed for bankruptcy protection and seeks an administrative closure of the case as to him. The other defendants joined in that request. Wolfe also insists that an order entered on April 12, 2007 requiring him to pay attorney fees is void. The Court ruled on the closure motion on the record in open court on August 14, 2007. The Court now holds that Wolfe's bankruptcy petition does not make this Court's April 12, 2007 order void, and to the extent Wolfe seeks that relief in his motion, the Court will deny it.

Although Wolfe is himself a defendant in this matter, he also has appeared as an attorney for the other two defendants. As an attorney, Wolfe has an obligation to abide by the orders of the court, appear on time for scheduled proceedings, and follow the Court's directives with respect to the case and its management. On April 3, 2007, this Court issued an order requiring Mr. Wolfe to appear and show cause why he should not be held in contempt for his failure to appear in a timely manner for three conferences. Although another attorney was listed on the docket sheet as representing the defendant, at the time Wolfe was the only person who personally attended court proceedings in the case. Wolfe also filed an appearance as one of the attorneys for the other defendants on April 2, 2007.

A hearing was held on April 12, 2007 on the show cause order, at which the Court determined that Wolfe's conduct in appearing late resulted in the plaintiff incurring excess costs, expenses, and attorney's fees in prosecuting the action. The Court ordered Wolfe to compensate the plaintiff's attorney for four hours of her time at a rate of $170 per hour for a total of $680. It is this order that Wolfe now claims is void.

Wolfe alleges that on March 19, 2007, he filed a voluntary chapter 7 petition pursuant to 11 U.S.C. § 301. He contends that this Court's order requiring him to pay fees violates the automatic stay that results when a party files for bankruptcy protection, and actions taken in violation of the stay, such as the Court's order, are void.

It appears that Jack Wolfe filed for chapter 11 protection on August 14, 2006. His case was converted to chapter 7 proceedings on November 7, 2006. That case was dismissed on November 28, 2006 because the defendant failed to file proper papers. Wolfe refiled for chapter 7 protection on March 19, 2007.

> Filing a bankruptcy petition stays judicial proceedings against the petitioner:
>
> (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of–
> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

11 U.S.C. § 362(a)(1). "Commencement of a suit automatically imposes a broad stay of other proceedings against the debtor and its property." *Chao v. Hosp. Staffing Serv., Inc.*, 270 F.3d 374, 382 (6th Cir. 2001). "'The purpose of the automatic stay is to protect creditors in a manner consistent with the bankruptcy goal of equal treatment.'" *Ibid.* (*quoting Hunt v. Bankers Trust Co.*, 799 F.2d 1060, 1069 (5th Cir. 1986)). A debtor "remains obligated to pay most liabilities arising after commencement of a bankruptcy proceeding: post-petition debts are generally treated as . . . expenses to which the automatic stay provision does not apply." *Chao*, 270 F.3d at 383 (citing 11 U.S.C. § 362(a)(1)).

The order entered against Mr. Wolfe to pay fees to opposing counsel addressed his conduct as an attorney before the Bar of this Court, not necessarily as a litigant; but that does not matter. The Judicature Act allows the court to impose costs on attorneys and parties alike who needlessly multiply the proceedings. 28 U.S.C. § 1927 ("Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."). The order for fees was entered on April 12, 2007, which post-dated Wolfe's latest bankruptcy filing by

nearly a month. Since Wolfe's obligation arose after the bankruptcy petition was filed "the automatic stay provision does not apply." *Chao*, 270 F.3d at 383.

Accordingly, it is **ORDERED** that the motion by Jack Wolfe to vacate the attorney fee order [dkt # 35] is **DENIED**.

It is further **ORDERED** that Jack Wolfe shall comply with this Court's order for payment of fees by tendering payment of $680 to plaintiff's counsel on or before **August 22, 2007**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: August 15, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 15, 2007.

s/Felicia M. Moses
FELICIA M. MOSES

---